PER CURIAM.
The appeal concerns a final decree of divorce and the court’s order on the petition for rehearing, which petition was denied except for inclusion in the order of a provision which clarified the final decree as to the award on what is described as the “Julian Paul mortgage.” The husband instituted the suit; the wife resisted; and final hearing on the issues created by the pleadings was had before the chancellor, who determined that the husband was entitled to the divorce decree on the ground of extreme cruelty. The decree also made an award of alimony to the wife and a division of property between the parties and further ordered that the husband pay to the wife’s attorney the sum of $600 for his representation of the wife, together with costs, of court, if any were incurred on her behalf. The appeal by the wife is predicated, in effect, upon assertions that the husband failed to fulfill the test required to establish extreme cruelty, with lack of corroborative testimony to sustain the charge, that the alimony award was inadequate, and that the court erred in failing to recognize and allow any special equity of the wife in the husband’s business.
No purpose can be served by a detailing of the testimony with respect to these points. Witnesses who testified for the respective parties were all personally seen and heard by the chancellor. He evaluated their testimony. Our examination of the record brings us to the determination that his decree should not be disturbed.
Appellee filed a motion to dismiss appellant’s appeal long after the briefs were filed and just prior to the oral argument. The basis of the motion is that appellant is estopped from seeking a reversal of the decree because she had accepted the awards and benefits pursuant to its terms. Since we are of the view that the decree should be affirmed upon the merits of the cause, it is unnecessary to deal with appellee’s motion to dismiss.
Affirmed.
ALLEN, Acting C. J., and ANDREWS and KANNER, (RET.), JJ., concur.